IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41298
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM ALBERT SALEM,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CR-118-1
--------------------
June 29, 2001

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

William Albert Salem appeals his guilty-plea conviction for aiding and abetting in the possession of marijuana with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), 18 U.S.C. § 2. He first avers that the district court erred in overruling his objection to the four-level enhancement he received for playing a leadership role in the offense, pursuant to U.S.S.G. § 3B1.1(a). The district court's determination that Salem played a leadership role because he organized the transportation of the marijuana and enlisted five

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

or more other individuals to assist him in the drug transportation is supported by the record, is not clearly erroneous, and was sufficient to justify the enhancement under U.S.S.G. § 3B1.1(a). United States v. Valencia, 44 F.3d 269, 272 (5th Cir. 1995).

Salem contends next that the district court denied him a fair sentencing hearing by actively intimidating his trial counsel from pressing his argument that he (Salem) was not a leader or organizer in the offense for purposes of U.S.S.G. § 3B1.1(a). He argues that such intimidation consisted of threatening to take away his three-point reduction for acceptance of responsibility. Salem avers that additional intimidation occurred when the district court (1) interrupted and cut off counsel's attempt to present his argument; (2) belittled and mischaracterized counsel's objection without allowing counsel to explain his point; (3) mischaracterized this court's decision in United States v. Moeller, 80 F.3d 1053 (5th Cir. 1996); (4) badgered counsel about the facts of the case without giving counsel a chance to answer her questions; (5) patronized defense counsel after getting him to minimize and, in effect, withdraw his objection; and (6) failed to consider whether he acted as a manager or supervisor rather than an organizer or leader.

Federal judges have "wide discretion" to control and direct court proceedings. United States v. Adkins, 741 F.2d 744, 747 (5th Cir. 1984). A district judge may "comment on the evidence," may "question witnesses and elicit facts not yet adduced or clarify those previously presented," and "may maintain the pace

of the [proceeding] by interrupting or cutting off counsel as a matter of discretion." United States v. Carpenter, 776 F.2d 1291, 1294 (5th Cir. 1985) (citation and quotation omitted).

We have reviewed the sentencing transcript and conclude that Salem has failed to establish either judicial misconduct or prejudice as a result of the court's responses to counsel's objection to the probation department's recommendation that Salem receive an increase in his sentence based on his leadership role in the offense. United States v. Bermea, 30 F.3d 1539, 1569 (5th Cir. 1994).

The Government has filed a motion to seal its brief. The motion is GRANTED.

AFFIRMED; GOVERNMENT'S MOTION TO SEAL BRIEF GRANTED.